# IN THE COURT OF APPEALS OF IOWA

No. 17-0736
Filed July 18, 2018

**ADAM C. GILSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Timothy J. Finn, Judge.

A defendant appeals the district court's dismissal of his postconviction relief action. **REVERSED AND REMANDED.**

Jesse A. Macro Jr. of Macro & Kozlowski, L.L.P., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Adam Gilson appeals the district court's dismissal of his postconviction relief action. Gilson claims postconviction counsel was ineffective for failing to amend Gilson's pro se brief to add details, facts, and arguments of law. We reverse the district court's decision and remand for further proceedings.

## I.    Background Facts & Proceedings

Gilson pleaded guilty to a drug-tax-stamp violation and third-degree theft. A sentencing hearing was held on June 10, 2013, and Gilson was given a suspended sentence not to exceed five years for the drug-tax-stamp violation and two years for theft, to run consecutively. Gilson was next convicted in federal court of being a felon in possession of a firearm and was sentenced to prison on May 22, 2014. Gilson then stipulated to violating the conditions of his Iowa probation, which was revoked, resulting in the original sentence being imposed consecutively to his federal prison sentence.

On November 4, 2016, Gilson filed a pro se application for postconviction relief, in which he alleged "There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interests of justice." Gilson provided no indication of what those facts were, no caselaw or argument to support his position, and no requested relief. Counsel was appointed to represent Gilson on December 7, 2016, but the pro se motion was not amended to add facts, argument, or case law.

On February 17, 2017, the State filed a motion for summary disposition under Iowa Code section 822.6 (2016), claiming Gilson "has failed to state any specific facts in his pleading to support the checkbox boilerplate allegation." At the

hearing on the motion, held on April 20, 2017, Gilson testified he tried to be extradited to Iowa to complete his Iowa sentence but his request was denied. He stated he believed he should receive credit on his Iowa sentence for the time spent in federal prison. The State objected on the ground it had not received notice of the issues Gilson intended to raise at the hearing.

The district court granted the State's motion for summary disposition, finding Gilson had been properly released to federal authorities. The court also stated, "The State also objects to the fact that none of these issues were raised by the Applicant prior to the actual hearing and as such there is no basis for granting the postconviction-relief application." The court then concluded, "For the foregoing reasons, the State's Motion for Summary Judgment is sustained and the Applicant's Postconviction Relief application is dismissed with prejudice." Gilson appeals, claiming he received ineffective assistance from postconviction counsel.

## II. Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State,* 479 N.W.2d 265, 272 (Iowa 1991).

## III. Discussion

Gilson claims he received ineffective assistance because postconviction counsel failed to amend his application to add details, facts, and legal arguments.

He states if the proper arguments had been made, the court would not have dismissed his application for postconviction relief. He requests reversal of the summary disposition of his action and to have his case reinstated.

The Iowa Supreme Court recently addressed the dismissal of an application for postconviction relief on the ground the application was "too vague." *Allison v. State*, ___ N.W.2d ___, ___, 2018 WL 3198793, at *23 (Iowa 2018). The court found, "A motion to dismiss should be granted only when there is no conceivable state of facts that might support the claim for relief." *Id.* at *24. The court also stated, "If the State believes the allegations in a PCR petition are not sufficiently precise to allow it to file an answer, the State may file a motion for a more specific statement." *Id.* (citing Iowa R. Civ. P. 1.433). The court reversed the dismissal of the application for postconviction relief and remanded for further proceedings. *Id.*

Based on *Allison*, we determine the district court improperly granted the State's motion for summary disposition of Gilson's application for postconviction relief. *See id.* If the State believes Gilson's claims in his application are "too vague," the State should file a motion for a more specific statement. *See id.* We conclude the district court's decision should be reversed and the case remanded for further proceedings.

**REVERSED AND REMANDED.**